Lieghley, J.
The parties stood in reverse order ■in the court below, and for convenience will be so named herein.
The plaintiff, Charles M. Callachan, a minor, filed his petition in the court below stating that he was a minor; that on the 29th day of October, *66 1915, he received certain personal injuries through the carelessness and negligence of the defendant, for which he prayed for damages; that the defendant company was engaged in the business of delivering packages for various concerns in the city of Cleveland by means of an automobile truck then and there in charge of one Stephan; that on the 26th day of October, 1915, the said Stephan was operating said tru'ck in delivering packages at and near East 40th street and Payne avenue, where he met plaintiff and invited him on the truck and invited him to act as a jumper for him in delivering packages to customers, and promised to pay him for his services; that he did pay him; that this proceeding continued for four successive days, and that on the fourth day, through the carelessness and negligence o'f said Stephan in the operation of said auto truck, plaintiff was injured; that plaintiff was not an employe of the defendant company; and that salid defendant company, through its agent and servant, Stephan, was negligent in the following particulars:
1. By said Stephan operating said automobile in such a manner as to cause the same to suddenly jerk and throw plaintiff therefrom.
2. By said Stephan failing to guide and control said automobile so as to avoid running against and over plaintiff’s leg.
3. By said Stephan not stopping said automobile for plaintiff to alight therefrom.
4. By said 'Stephan ordering plaintiff to jump from said automobile while in motion.
Trial was had in the court below,' which resulted in a verdict and judgment for plaintiff, from which *67 judgment error is prosecuted in this court to reverse the same.
It is urged that the judgment is contrary to law. It 'is conceded that the doctrine announced in the case of Cleveland, Terminal & Valley Rd. Co. v. Marsh, 63 Ohio St., 236, is controlling, unless the fact that the defendant company 'promulgated a rule expressly instructing employes to permit none other than authorized' employes to be and remain on the truck requires the above case to be distinguished from the case at bar.
Quoting from the syllabus in Railroad Co. v. Marsh, supra:
“3. One who is invited by a servant- of a corporation in charge of its work or service to assist him therein, and does so with some purpose or benefit to be subserved in his own behalf in addition to the purpose of so assisting, is not a volunteer, and is entitled 'while so assisting, to be protected against 'the negligence of the servants of •the company.”
■ Quoting from the opinion, at page 245:
“Where a person at the request of' a servant of a corporation, assists such servant in the performance of his work without any purpose or benefit of his own to be served by such assistance, he is regarded as a mere volunteer, and the requests to charge would be applicable to such a case. But where he has a purpose or benefit of his own to be served by such assistance, in addition to the purpose of assisting the servant., he is regarded as acting in his own behalf, with at least the acquiescence of the company. A trespasser who is upon the company’s premises wrongfully, and a mere *68 volunteer, stand upon substantially the same footing, and are entitled to recover only for such negligence as occurs after the servants of the company discover their perilous situation, that is for wilful or intentional injury. But there is a class between mere volunteers and trespassers and partaking somewhat of the characteristics of each, that is where the person assists the servant at his request, not only for the purpose of assisting in the work of the master, but also'for a purpose and benefit of his own. In such cases it can not be said that he is wrongfully upon the premises, because he is invited by the servant in charge. The master may not have assented, .but neither has he dissented, and being there upon the invitation of the servant in charge and there being no dissent of the master, he is regarded as being there by sufferance. And being there by sufferance he is rightfully there for the double purpose of aiding the servant, and thereby furthering the interests of the master, and of furthering his own private interests in his own behalf and for his own purposes and benefits. In such cases the person so assisting can not be held to .thereby become a servant of the master, because the servant inviting such assistance has no power or authority to employ other servants, and therefore the law of fellow-servants is not applicable. As such assistant is not a trespasser, and not a fellow-servant, and not a mere volunteer, the law assigns to him without name the position of one, -who, being upon the premises of another by the sufferance of such other, performing labor or service for his own purpose and benefit in his own behalf, is entitled of ’right to be protected *69 against the negligence of the owner of the premises or his servants. The case of Street Railway Co. v. Bolton, 43 Ohio St., 224, was decided upon this principle, although the principle is not very clearly stated in the report of the case.”
It is claimed that the promulgation of the rule amounted to a dissent on the part of the defendant. The plaintiff claims 'that he was a “licensee with an interest” under the rule in the above case. Does >the rule — of which the plaintiff knew nothing, so far as the record shows — have the effect of changing the status of the plaintiff from that of a licensee with an interest to that of a trespasser or volunteer?- In this case it is conceded that the plaintiff wás in the employ of Stephan, and while so employed both were engaged in furthering the business of the master. We know of no authority for the doctrine that the promulgation of a rule for the direction and control of employes will excuse the master for the tort of the servant which results in injury to a third' person, relieving the master of responsibility therefor. It seems to us that the authorities are to the contrary.
In the case of Harriman v. Railway Co., 45 Ohio St., 11, the court says, at page 38 of the opinion:
“So it may be said in this case, that at most it appears that the defendant’s servants, while acting in its business and within the scope of their employment, deviated from the line of their duty to the defendant and disobeyed its instructions. Nevertheless, while so deviating and disregarding their instructions, they were still doing their employer’s work, though not according to their instructions. And see Quinn v. Power, 87 N. Y. 535.”
*70 We quote from the syllabus in the case of Barrett, Gdn., v. Railway Co., 106 Minn., 51, 18 L. R. A. (N.S.), 416:
“A master is responsible for the torts of his servant, done in the course of his employment -with a view to the furtherance of his master’s business, and not for a purpose personal to himself, whether the same be done wilfully, but within the scope of his agency, or in excess of his authority, or contrary to the express instructions of the master.”
In a note appended to the last-mentioned report are cited, many authorities in support of this doctrine..
'It is our opinion, therefore, that the judgment is not contrary to law under the doctrine announced in the Marsh case above referred to, and we are not disposed to depart from that doctrine, as urged upon us by counsel.
It is further urged that the judgment is against the weight of the evidence. We have examined the testimony of plaintiff and Stephan, the driver, and as we view it the circumstances developed by their testimony were 'such as to warrant the trial court in submitting the case to the jury. The jury resolved all the issues in favor of the plaintiff, and' we think there is proof in the record to support that finding.
It is further claimed that the court erred in submitting to the jury the second, third and fourth specifications of negligence, respectively. Ffom an examination of the proof we can not say that there was no evidence to support one or more of these specifications. Our disposition is that in the 'state of the record it is not material that some of the *71 charges are not upheld by evidence, if others are, under the general principle announced in Sites v. Haverstick et al., 23 Ohio St., 626; Beecher v. Dunlap et al., 52 Ohio St., 64; McAllister v. Hartzel, 60 Ohio St., 69, and State, ex rel. Lattanner, v. Hills, 94 Ohio St., 171.
It is further claimed that the court erred in its failure to 'charge the jury as to the duty of the plaintiff in the event his own evidence raised a presumption of negligence. It was admitted that no request was submitted to the court to charge upon this subject, and in the absence of a request no prejudicial error can be successfully claimed for a failure so to do. State v. Schiller, 70 Ohio St., 1, 8, and State v. McCoy, 88 Ohio St., 447, 453.
It is further urged that the court erred in its charge on the subject of contributory negligence. The answer of the defendant contains a general charge of contributory negligence, followed by a specification to the effect that the plaintiff jumped, etc. The court in its charge limited the jury in a consideration of contributory negligence to a determination of the question of whether or not the plaintiff was negligent in the particular charged in the answer. We think the court was right. N. Y., C. & St. L. Rd. Co. v. Kistler, 66 Ohio St., 326, 333.
It is further urged that the court erred in refusing to give defendant’s request No. 7. This request required the jury to ¡confine its deliberation upon the case to a consideration of specification of negligence No. 1. In the view we have of the case, as before stated, we think it would have been error in the court to have given the same.
*72 We find no error in the record prejudicial to the rights of the defendant, and the judgment of the court below is affirmed, with costs assessed against plaintiff in error.

Judgment affirmed.

Grant and Carpenter, JJ., concur.